Norris, J.:
The defendant in error was the plaintiff below, and commenced his action to recover on two promissory notes executed by the plaintiff in error, to one W.P. Place, or bearer'; one for $250, due four months after date, and one for $225, due six months after date, each'dated April 2, 1895, and bearing interest at 6 per cent, per annum. And he filed his petition in the trial court founded upon these evidences of indebtedness.
To this petition defendant filed his answer and amendment thereto,and denies each allegation of the petition, and as a further defense to plaintiff’s action, he says that bis signatures to said notes were obtained by misrepresentation ■made to him and by fraud practiced upon him by Place,the ¡payee, and Hoover, the present holder and plaintiff in this case. That they represented to him that they owned certain secrets useful in the treatment of Hernia,and that if defendant Suhr and one Charles Hubbard would execute their ■notes for $675, they would sell them the exclusive right to use said treatment in Defiance and Henry counties, and would furnish them, free of charge for one year, a certain ■medicine used in the treatment of Hernia, of which medicine Place was the sole manufacturer and owner, and would furnish full printed instructions fully informing them as to how said system of treatment should be practiced; and after the expiration of one year, furnish them with said medicine at the price of $3 per fluid ounce. Hubbard was a *692 practicing physician, and upon these representations and .promises, and upon the representations made by Hoover and Place that under this system of treatment and by the us© of this medicine, there would be no cutting, no pain, no danger to life, no detention from usual occupation, that after cure there would be no necessity to use a truss, and that the cure would be radical and complete — upon these representations and promises made by Hoover and Place, and relying upon them, defendant Suhr and said Hubbard signed a contract which, in substance, embraced these provisions in its terms, and that in compliance w'ith said contract,and relying upon said representations, defendant executed the notes set out in the petition.
Defendant says, that all these representations were false; that said system of treatment is very painful and attended with great danger to life; that said system of treatment did ■detain the patients from their occupation, and did not effect the cure of Hernia. In short,that the representationss were false; that said treatment was without value, all of which Hoover, who defendant alleges was a party to the conspiracy to defraud him and procure said notes, and said Place well knew, and of which he was ignorant, and upon the truth of which he relied, and that hence his notes upon which plaintiff seeks to recover, were without any consideration, all of which plaintiff knew when he took the notes,and that to suffer the plaintiff to collect the same would be a fraud upou his rights.
To these averments of defendant’s answer and amendment, plaintiff replies and makes general denial, and avers that he bought these notes before maturity for value and without notice of the infirmities alleged in the answer.
The issues thus made up were submitted to a jury in the common pleas court of this county, which resulted in a verdict for the plaintiff. Defendant’s motion for new trial was not allowed. Judgment was entered upon the verdict,. *693 a bill of exceptions was taken to the .proceedings of the court below,and error is here prosecuted to obtain reversal.
The reasons assigned for reversal, embodied in the motion for a new trial aüd in the petition in error, are:
“That the verdict is against the weight of the evidence and contrary to the law of the case,
“Error in admitting evidence over defendant’s objection and in the exclusion of evidence offered by the defendant.
“Error in the charge to the jury.
“Error in overruling the motion for a new trial.”
And the defendant also complains that the trial court abused its discretion in certain criticisms of the answer made in presence of the jury; ana it erred in refusing to allow defendant’s counsel to address the jury upon evidence other than such as bore upon the failure of consideration pleaded in the answer.
The court, upon objection being made to the introduction of testimony sustaining the matters and things pleaded in defendant’s answer, by way of substantive defense, refused to allow the case to proceed upon the pleading as it then stood, and remarked,in substance, that the allegations of the answer as to misrepresentations and fraud as therein pleaded were not sufficient to bar a recovery or to sustain the -admission of evidence. And this in the presence of the jury.
These remarks of the trial judge were criticisms of this pleading; they were made before the testimony had proceeded to any length.at least upon defendant’s case. They did not go to the merits of the controversy,and were not in a spirit of hostility to the defendant or his cause, and so far as we can see, in no wise were to his prejudice in the determination of the case. The court promptly allowed amendment. We see in this objection no serious cause to differ with the court below.
As to the limit put by the trial court upon the field that *694 might be covered by defendant’s counsel in their address to the jury, we see in this nothing prejudicial, because by it the subject of comment was only circumscribed by the horizon of the case. The proposition, not only of failure, but entire want of consideration for the notes in suit, as pleaded in the answer and amendment, was a theme upon which counsel, if they saw fit, could point a moral or adorn a tale to their heart’s content. And nothing is revealed by the record that would indicate that counsel wrapped their faces in their mantels,or-at all retired from the combat.
We have read this record very carefully, every word of it, and we have failed to find error in the admission or rejection of evidence.
And now coming to the objection that the verdict is not sustained by, but is contrary to the weight of the evidence, and is against the law of the case. This assignment of error brings up in review everything upon which Mr. Hoover’s right of recovery is grounded. It directs the attention of this court to the consideration of the notes upon which recovery is sought, and challenges the construction of the contract, which recites the reasons, and values, and the considerations for which the notes were given. The contract is in evidence, and upon it depends this case. The contract is a pretty skillful piece of fine printing, The Wilcox Hernia Co. was a concern located at Binghampton,New York — so says the contract, I quote from it, “and'W. F, Place was the owner” — Place, as such, was the owner of certain useful secrets in the treatment of Hernia or rupture, and he was the sole manufacturer of a certain remedy used in and about this treatment of that complaint. Suhr, this defendant, and Hubbard, were desirous of purchasing the exclusive right to use this treatment, and in consideration of 1675,part of which is evidenced by the notes in suit, Place, as the owner of the Wilcox-Hernia Co., agrees to grant, bargain, sell and convey to defendant Hubbard, the exclu *695 siv.e right to use this treatment in Defiance and Henry counties- That is the contract. As an incident and condition of this agreement, the Hernia Co. agrees to furnish the defendant and Hubbard with full printed instructions for practicing this system, and without charge agrees to furnish for the period of one year,-whatever of this medicine might be -required in the treatment of cases. And will,says the contract,after three years,furnish the medicine or fluid at $3.00 per fluid ounce, and will not furnish the fluid to anyone else in this territory, nor practice said system of cure in these counties. And as a further consideration, and for this, the second parties agree to practice the system and use the fluid only in those counties, and agree to use diligence and care in the treaiment of cases, and further agree — not to pay any more money — 'but to execute their notes, upon the delivery of the contract, as the evidence of the purchase price which they agree to pay, for the exclusive privilege of practicing the' system of treatment in these counties.
Now, what did this defendant and Hubbard buy with this $675? They bought no secret, for no secret was ever revealed to them. Not a year’s supply of medicine, for that .was not the system of treatment, but a mere incident of the system of treatment, For the gratis medicine they were to use diligence and care in the practice of the system, and make a market for fluid at $3,00 per ounce; and were to execute their notes as evidence of the full purchase price agreed in the contract,for the right given to exclude others from alleviating, by the same system, the sufferings of their kind, and not for the payment of the notes,but for the purpose of these latter stipulations, they give a bond of $1,000.
They got for their $675, what was represented to them, •and what is solemnly declared in the contract to be a valuable and a secret and an exclusive method of cure, in the mysteries of which they were to be initiated, and in the *696 practice of which they were to be educated, and made wise-by the full printed instructions of the Wilcox Hernia Go. And the contract pretends to give them the sole control over the territory, and the exclusive right to use the system therein.
Now, of what did the system for which they agreed to pay $675 consist? It consisted of subcutaneous treatment of Hernia, with an ordinary hypodermic syringe, and of nothing else. Was it a novel method of treating that affliction? No, it was nearly as old as the cesarean birth.. Was it secret? Far from it; a physician who knows not of it is away outside of the most venerable upon surgery and specialties-. Is it patented? No. What right,exclusive or otherwise,was acquired by this purchase to practice this system of treatingrupture? No right. By What authority could the Wilcox Hernia Oo., of Binghampton, N. Y., vouchsafe to defendant or to Hubbard the exclusive right to do these things in Defiance and Henry counties, Ohio? By no authority whatever. What then was bought with this $675?' Nothing, not a thing in the world. And even if it were that which could be parted with, the record shows that defendant and his colleague received no printed instructions, and no formula.
At the time this contract was signed and these notes were-given Hoover was in the Hernia combination himself. His office appeared to have been the headquarters of Place, as it was of Allen and Griffin, and others who were engaged in the practice of this system, or were lay members of a syndicate, the object of which was to push the method.
Hoover had bought territory of Place three months before the date of these notes. They, Hoover, Allen and Griffin and others, were all present when this deal was made. Hoover knew all about the consideration of these notes; he knew all about this Hernia-Wilcox combination, He says the system was not new, was not patented, was not a secret. *697 Of the fluid, the formula of which he swears he knew and refused to give from the witness stand,.he don’t say it is-new or the best, but merely designates it as pretty good¡ fluid. And with all this knowledge of this transaction fromi its very inception,standing as he did as godfather to it,how could he be an innocent holder of' these notes? He surely could not, and we so find. The notes were without consideration,and he knew it when he acquired them. This being the case, we find that the verdict is not supported by the-weight of the evidence, but is contrary to the evidence, and against the law of the case.
John W. Slough and B. B. Kingsbury, for Plaintiff in* Error.
C. A. Boioersox, for Defendant in Error,
And in the face of the contract as'we have considered it, we find that the charge of the court, which is otherwise full' and complete, in so far as the jury were instructed that this contract imputed a consideration for the existence of these notes, was misleading.
The judgment is therefore reversed and a new trial is-granted at costs of defendant in error, and the case is remanded to the common pleas for execution and for further proceedings.